IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOYCE FERRANTE,

    Plaintiff,
v.                                CASE NO. 1:20-cv-92-MW-GRJ

MATTHEW REXROAT and
JAMES KITLEN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper. ECF Nos. 1, 5. Plaintiff's original complaint was signed by her and mailed to the Court via certified mail on April 15, 2020. ECF No. 1. It was received in the clerk's office on April 16, 2020. ECF No. 1 at 10. Plaintiff is proceeding under an Amended Complaint, ECF No. 10. Plaintiff's claims stem from an incident that occurred on April 15, 2016, when she contends that two Gilchrist County deputies violated her Fourth Amendment right to be free from unreasonable search and seizure and used excessive force to arrest her. ECF No. 10.

This case is now before the Court on Defendant Matthew Rexroat's

motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), based on Defendant's argument that Plaintiff's claims are barred by Florida's four-year statute of limitations.[1] ECF No. 42. Plaintiff has filed a response in opposition and both parties, with leave of Court, have filed surreplies. ECF Nos. 53, 57, 75. For the following reasons, it is respectfully recommended that Defendant's motion to dismiss be granted because Plaintiff's claims are barred by the statute of limitations.

## I. Standard of Review

Determining whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support his claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 555.

*Twombly* "expounded the pleading standard for all civil actions," and

---

[1] Despite three attempts, the U.S. Marshal was unable to effect service of process upon Deputy James Kitlen.  *See* ECF No. 25.

conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Nevertheless, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Id.* (quoting *Estelle*, 429 U.S. at 106).

"A statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6)." *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175,

1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988).

Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law.  *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein).  The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury.  *Id.*  The statute of limitations for a section 1983 claim seeking damages for unlawful detention in violation of the Fourth Amendment begins to run at the time the claimant becomes detained. *Wallace v. Kato*, 549 U.S.  384, 397 (2007); *Shepherd v. Wilson*, 663 Fed. App'x. 813, 817 (11th Cir. 2016).[2]  Claims for excessive force in violation of the Fourth Amendment accrue on the date on which they occur. *See Baker v. City of Hollywood*, 391 Fed. App'x. 819, 821 (11th Cir. 2010); *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir.

---

[2] Pursuant to 11th Cir. R. 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

2020). The statute of limitations expires on the anniversary of the date of the accrual of the claim, in whichever year is prescribed under the applicable statute of limitations. *See Shepherd*, 663 Fed. App'x. at 817 ("Shepherd was detained pursuant to legal process when he was arrested on September 13, 2011. Therefore, the two-year Alabama statute of limitations for any § 1983 claims alleging a violation of the Fourth Amendment arising out of that arrest expired on September 13, 2013.").

## II. <u>Discussion</u>

There is no dispute that the events underlying Plaintiff's Complaint occurred on April 15, 2016, and her cause of action therefore accrued on that date. *See* ECF No. 1. There also is no dispute that she mailed her Complaint to the Court by certified mail on April 15, 2020, and it arrived at the clerk's office on April 16, 2020, one day after the four-year anniversary of the events underlying the Complaint. *Id.*

The Eleventh Circuit has explained:

> The general rule is "that a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk.'" *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (quoting *Leggett v. Strickland*, 640 F.2d 774, 776 (5th Cir. Mar. 1981); *see Houston v. Lack*, 487 U.S. 266, 273, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) ("[R]eceipt constitutes filing in the ordinary civil case...."); Fed. R. Civ. P. 5(d) (stating that a paper is "filed" by delivering it to the clerk or a judge who agrees to accept it for filing). Mailing alone is not enough. *See Leggett*, 640 F.2d at 776 (holding

that a complaint mailed before but received after the expiration of the limitations period was time-barred).

*Tucker v. United States,* 724 Fed. Appx. 754, 757 (11th Cir. 2018) (unpublished).  In *Tucker,* the Eleventh Circuit affirmed the dismissal of a Federal Tort Claims Act case in which the plaintiff mailed her complaint to the court on the same day the limitations period expired, but it was not received by the court until after that date.  Because the plaintiff mailed the complaint on the day the limitations period expired, the Court concluded that she "did not file her initial complaint before the expiration of the six-month limitations period applicable to claims" under the FTCA.  *Tucker*, 724 Fed. Appx. at 757.

The Eleventh Circuit's reasoning in *Tucker* controls the disposition of this case.  Plaintiff chose to mail her Complaint on the day the limitations period expired.  It was not received by the Court until the day after the limitations period expired, and therefore it is not timely.  *See id.*

Plaintiff argues that Fed. R. Civ. P. 6(a)(1) provides that the day of the event that triggers the limitations period is not included in the calculation and therefore her complaint was not due until April 16, 2020. ECF No. 53 at 2.  Fed. R. Civ. P. 6 governs "computing time", and Rule 6(a)(1)(A) states: "When the period is stated in days or a longer unit of time

. . . exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).  Contrary to Plaintiff's supposition, this rule does not alter application of the "anniversary rule," discussed above, for determining when a state statute of limitations expires and does not afford her an extra day to file her complaint.  *See Shepard,* 663 Fed. App'x. at 817; *see also Williams v. Zuk,* 9:07-CV-789, 2009 WL 909520, at *2 (N.D.N.Y. Apr. 3, 2009).  Consistent with the law in this Circuit, in *Williams v. Zuk* the court explained:

> The method for computing time periods, including application of controlling statutes of limitations, in actions pending in federal court is governed by Rule 6(a) of the Federal Rules of Civil Procedure. *United States v. Hurst,* 322 F.3d 1256, 1260 (10th Cir.2003); *see also Day v. Morgenthau,* 909 F.2d 75, 78 (2d Cir.1990). Rule 6(a)(1) directs that when applying a prescribed time, the first day of the period is excluded, but the last day is included unless falling on a Saturday, Sunday, a legal holiday, or a day on which weather or other conditions make the clerk's office inaccessible. *See* Fed.R.Civ.P. 6(a)(1) and (3). "Under [Rule 6(a)(1) ], when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act. The anniversary date is the 'last day to file even when the intervening period includes the extra leap year day'". *Hurst,* 322 F.3d at 1260 (citing *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.2000)); *Day,* 909 F.2d at 79.

*Williams,* 2009 WL 909520, at *2.[3]

Plaintiff argues that she is entitled to an additional three days in the

---

[3] The Court may take judicial notice that 2020 included a leap day.

limitations period to account for mailing under Fed. R. Civ. P. 6(d).  ECF No. 53.  Rule 6(d) modifies the normal rules for computing time (set forth in Fed. R. Civ. P. 6(a)) as follows: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). This rule is inapplicable to the statute of limitations issue involved in this case, because the limitations period was triggered by the accrual of Plaintiff's claims on April 15, 2016, and not by service of any paper upon Plaintiff.

Plaintiff next argues that due to restrictions stemming from the COVID-19 pandemic, she had no recourse but to mail her Complaint to the Court because the clerk's office was "inaccessible".   Under Fed. R. Civ. P. 6(a)(3)(A), if the clerk's office is inaccessible on the last day for filing, then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.  The Court has applied Rule 6(a)(3)(A) when, for example, the clerk's office was "inaccessible" due to being closed for a federal holiday.  *See Circuitronix, LLC v. Kinwong (Hong Kong) Electronic Co. LTD.,* 993 F.3d 1299, 1304 (11th Cir. 2021) ("We conclude that the closure of the courthouse—and with it, the physical closure of the clerk's office—made the clerk's office inaccessible for purposes of Rule

6(a)(3)(A).") (citing *Chao Lin v. U.S. Att'y Gen.,* 677 F.3d 1043, 1045 (11th Cir. 2012)). In *Circuitronix,* however, the courthouse was closed for all purposes on the last day the relevant filing was due on Friday, July 5, 2019, for the extended federal holiday. The Court applied Rule 6(a)(3)(A) to find that a post-judgment motion filed on Monday, July 8, was timely. *Circuitronix,* 993 F.3d at 1304.

In contrast, this Court was not closed for all purposes either on or before the day that Plaintiff's limitations period expired on Wednesday, April 15, 2020. Pursuant to a March 20, 2020, Administrative Order, the Chief Judge closed all Court locations in the Northern District of Florida to public access. The Order states that "[s]taff in the Clerk's Office will remain available by telephone, but the public intake counter will not be accessible to the public. *Those without access to the Court's electronic filing system must submit non-emergency filings by mail*." *See In Re Court Operations Under the Exigent Circumstances Created by COVID-19*, Case No. 95-mc-40111 (N.D. Fla. March 20, 2020) (emphasis added).

As Defendant points out, Plaintiff concedes that she was aware of the statute of limitations for her case, that the COVID-19 crisis had emerged by January 2020, and that her "only recourse" was to mail her Complaint. *See* ECF No. 6 at 1-2. Plaintiff concedes that she was aware of the COVID-19

restrictions, which were "in all the headlines and not just for the Court". ECF No. 75 at 5.  Plaintiff points to no circumstances that prevented her from mailing her Complaint to the Court so that it would arrive on or before the last day of the four-year limitations period, April 15, 2020.  While equitable tolling "can in some circumstances excuse a failure to file on time . . . it is not reasonable to expect an ordinary letter deposited in the U.S. Mail to be delivered that same day."  *Tucker*, 724 Fed. Appx. at 758 (citing *Suarez v. Little Havana Activities,* 721 F.2d 338, 339-40 (11th Cir. 1983)).  As the Court further noted in *Tucker,* "plaintiffs are generally responsible for 'ordinary delays in the mail service.'" *Id.* (citing *Hallgren v. U.S. Dep't of Energy,*  331 F.3d 588, 591 (8th Cir. 2003)).

    For the first time during the pendency of this case, Plaintiff now claims that "[w]hile it was not stated in any previous motion or document, THE PLAINTIFF DID SPEAK WITH THE CLERKS OFFICE AND WAS TOLD THE INITIAL COMPLAINT COULD BE MAILED AS LONG AS IT WAS POSTMARKED BY APRIL 15, 2020." ECF No. 75 at 3-4 (emphasis in original).  Plaintiff provides no detail regarding when this conversation occurred or with whom she allegedly spoke.

    "The interests of justice ... can weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control

prevented timely filing ." *Arce v. Garcia,* 434 F.3d 1254, 1261 (11th Cir. 2006). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999). Equitable tolling is only proper on the court's "finding [that] an inequitable event ... prevented plaintiff's timely action," and the plaintiff bears the burden of proof. *Justice v. United States,* 6 F.3d 1474,1479 (11th Cir.1993). Nevertheless, "[equitable] tolling is an extraordinary remedy." *Id.*

Courts have equitably tolled deadlines where a litigant received misinformation from a court clerk. *See, e.g., Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002) (tolling limitations period where clerk of state supreme court failed to notify petitioner of decision denying relief, as clerk had promised). This Court concludes, however, that Plaintiff's claim that she was misadvised by a docket clerk is too vague to carry her burden of showing that she is entitled to the extraordinary remedy of equitable tolling of the limitations period. It is evident that Plaintiff understood when the limitations expired and had planned to mail her Complaint due to the pandemic. The timing of that mailing was wholly within Plaintiff's control, and she has offered no other explanation as to why she did not file her

Complaint in the four years before the limitations period expired.

The Court is mindful that "[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, [and] statutes of limitation protect important social interests." *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452–53 (7th Cir.1990)). But a plaintiff "'who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.'" *Young v. Domtar Paper Co., LLC*, 2012 WL 2160442 *6 (N.D. Miss. June 13, 2012) (plaintiff who waited 46 days before filing suit after receipt of letter from court advising him to file suit "at the earliest possible time" was not diligent) (unpublished) (quoting *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151 (1984)). On this record, the Court finds that Plaintiff is not entitled to equitable tolling because she has not met her burden to establish the existence of extraordinary circumstances or that she acted with diligence to timely file her Complaint.

## IV. Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant Retroat's Motion to Dismiss, ECF No. 42, should be **GRANTED** and the Complaint **DISMISSED** for failure to state a claim upon which relief

may be granted because Plaintiff's claims are barred by the statute of limitations.

**IN CHAMBERS** this 29th day of July 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**